Model Plan
11/22/2013

Trustee:  ☐ Marshall  ☐ Meyer
          ☑ Stearns   ☐ Vaughn

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

**In re:**                         )  Case No. **15-17336**
                                   )
**Teresa Jo Jacobsen**             )
                                   )
        **Debtors.**                )  Modified Chapter 13 Plan, dated 9/22/2015

☑  **A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.**

**Section A.**  1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household
*Budget*       is **5**; (b) their ages are **5 Adults**; (c) total household monthly income is $ **11,319.69**; and (d) total
*items*        monthly household expenses are $ **8,640.17**, leaving $ **2,679.52** available monthly for plan
               payments.

               2. The debtor's Schedule J includes $ **N/A** for charitable contributions; the debtor represents that
               the debtor made substantially similar contributions for **N/A** months prior to filing this case.

**Section B.**  1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this
*General*      plan; all other unexpired leases and executory contracts are rejected. Both assumption and
*items*        rejection are effective as of the date of plan confirmation.

               2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in
               Paragraph 2 of Section E of this plan, shall be treated as follows:

               (a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E,
               while timely making all required postpetition payments, the mortgage will be reinstated
               according to its original terms, extinguishing any right of the mortgagee to recover any amount
               alleged to have arisen prior to the filing of the petition.

               (b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after
               the filing of this bankruptcy case and before the final payment of the cure amount specified in
               Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on
               motion of the holder.

               3. The holder of any claim secured by a lien on property of the estate, other than a mortgage
               treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a)
               payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11
               U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

               4. The debtor shall retain records, including all receipts, of all charitable donations listed in
               Schedule J.

**Section C.**
*Direct payment of claims by debtor*

☐ The debtor will make no direct payments to creditors holding prepetition claims. */or/*

☑ The debtor will make current monthly payments, as listed in the debtor's Schedule J-- increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor: **Associated Bank**, monthly payment, $ **850.00**
Creditor: **Bank of America, N.A.**, monthly payment, $ **1,320.00**

**Section D.**
*Payments by debtor to the trustee; plan term and completion*

1. *Initial plan term.* The debtor will pay to the trustee $ **1,540.00** monthly for **60** months [and $ monthly for an additional months], for total payments, during the initial plan term, of $ **92,400.00**. [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term.* If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion.* ☑ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan */or/*
☐ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
*Disbursements by the trustee*

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees.* Payable monthly, as authorized; estimated at **5.00**% of plan payments; and during the initial plan term, totaling $ **4,620.00**. [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments.* Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

**-NONE-**

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ **0.00**. [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral.* All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor): **(Except as stated in Section G. below.)**

(a) Creditor: **Wells Fargo Financial National Bank**    Collateral: **Secured**
Amount of secured claim: $ **2,776.25**  APR **4.5** %  Fixed monthly payment: $ **51.76** ;
Total estimated payments, including interest, on the claim: $ **3,105.40**.  ☐ Check if non-PMSI

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ **3,105.40** . [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.* The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority. No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.
**-NONE-**

4. *Priority claims of debtor's attorney.* Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ **0.00** . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears.* Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.

(a) To creditor **Bank of America, N.A.** , arrears of $ **1,448.23** , payable monthly from available funds, pro rata with other mortgage arrears,
☑ without interest /or/ ☐ with interest at an annual percentage rate of _____%.
These arrearage payments, over the term of the plan, are estimated to total $ **1,448.23** .

6. *Allowed priority claims other than those of the debtor's attorney.* Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ **0.00** . [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim.* A special class consisting of the following non-priority unsecured claim: **-NONE-** shall be paid at **N/A** % of the allowed amount. The total of all payments to this special class is estimated to be $ **N/A** . [Enter this amount on Line 2g of Section H.]

Reason for the special class: **N/A** .

8. *General unsecured claims (GUCs).* All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ☑ in full, /or/ ☐ to the extent possible from the payments set out in Section D, but not less than **N/A** % of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

9. *Interest*. ☑ Interest shall not be paid on unsecured claims /or/ ☐ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of ___N/A___ % [Complete Line 4d of Section H to reflect interest payable.]

**Section F.**
*Priority*

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

**Section G.**
*Special terms*

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

**Section H.**
*Summary of payments to and from the trustee*

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D)     $ 92,400.00

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):
   (a) Trustee's fees     $ 4,620.00
   (b) Current mortgage payments     $ 0.00
   (c) Payments of other allowed secured claims     $ 3,105.40
   (d) Priority payments to debtor's attorney     $ 0.00
   (e) Payments of mortgage arrears     $ 1,448.23
   (f) Payments of non-attorney priority claims     $ 0.00
   (g) Payments of specially classified unsecured claims     $ 0.00
   (h) Total *[add Lines 2a through 2g]*     $ 9,173.63

(3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]*     $ 83,226.37

(4) Estimated payments required after initial plan term:
   (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a)     $ 83,197.00
   (b) Minimum GUC payment percentage     100 %
   (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]*     $ 83,197.00
   (d) Estimated interest payments on unsecured claims     $ 0.00
   (e) Total of GUC and interest payments *[add Lines 4c and 4d]*     $ 83,197.00
   (f) Payments available during initial term *[enter Line 3]*     $ 83,226.37
   (g) Additional payments required *[subtract Line 4f from Line 4e]*     $ -29.37

(5) Additional payments available:
   (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee     $ N/A
   (b) Months in maximum plan term after initial term     N/A
   (c) Payments available *[multiply line 5a by line 5b]*     $ N/A

| | |
|---|---|
| **Section I.** *Payroll Control* | ☐ A check in this box indicates that the debtor consents to immediate entry of an order directing the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case, details of the deductions from each spouse's wages are set out in Section G. |

**Signatures**   **Debtor(s) [Sign only if not represented by an attorney]**

_____   _____   **Date** _____

**Debtor's Attorney**   /s/ Charles L. Magerski   **Date**   September 22, 2015

*Attorney Information (name, address, telephone, etc.)*

> Nathan Volheim
> Sulaiman Law Group, Ltd.
> 900 Jorie Boulevard
> Suite 150
> Oak Brook, IL 60523
> 630-575-8181
> Fax: 630-575-8188

**Special Terms** *[as provided in Paragraph G]*

**Special Intentions:**

1. Debtor is surrendering the real property located at 3080 Elleby Court, North Aurora, Illinois to Ocwen Loan Servicing and Kane County in full satisfaction of thier claims.

2. Debtor shall make direct payments to Baum Property Management for the association dues related to the real property located at 3080 Elleby Court, North Aurora, Illinois for as long as the Debtor holds legal title.

3. Debtor is surrendering the real property located at 670 Blackberry Ridge Drive, Aurora, Illinois to Bayview Financial Loan and Kane County in full satisfaction of their claims.

4. Debtor shall make direct payments to Orchard Valley c/o Alpha Management for the association dues related to the real property located at 670 Blackberry Ridge Ridge, Aurora, Illinois for as long as the Debtor holds legal title.

5. Debtor shall make direct payments to Ogle County for the real estate taxes associated with the real property located at 924 N. Daysville Road, Oregon, Illinois.

6. Debtor shall make direct payments to Marquette County for the real estate taxes assocaited with the real property located at Lots 16 and 17, Dahlke Road, Westfield, Wisconsin.

7. Debtor shall assume the residential lease with Georgia Ward for as long as she holds legal title to the property.

8. Debtor shall make direct payments to Citizens Bank for the 2011 Hyundai Genesis. Citizens Bank is authorized to send monthly statements directly to the Debtor.

9. Debtor is rejecting the contract with Quinto del Golfo and Concord Servicing Corporation for the Timeshare located in Cabo San Lucas, Mexico. The Debtor is surrendering the Timeshare back to Quinto del Golfo and Concord Servicing Corporation in full satisfaction of their claims including the monthly assessment dues.

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                                                                    Best Case Bankruptcy

United States Bankruptcy Court
Northern District of Illinois

In re:                                                                 Case No. 15-17336-DRC
Teresa Jo Jacobsen                                                     Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0752-1          User: pseamann              Page 1 of 2              Date Rcvd: Sep 22, 2015
                              Form ID: pdf003             Total Noticed: 56

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 24, 2015.
```
db             +Teresa Jo Jacobsen,    3080 Elleby Court,    North Aurora, IL 60542-4300
23294689       +American Express,    c/o Becket & Lee,    P.O. Box 3001,    Malvern, PA 19355-0701
23583648        American Express Bank, FSB,    c o Becket and Lee LLP,    POB 3001,    Malvern, PA 19355-0701
23294690       +Associated Bank,    200 N Adams Street,    Green Bay, WI 54301-5174
23317163       +Associated Bank,    Attn: Asset Recovery,    1305 Main Street,    Stevens Point, WI 54481-2898
23294715      ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
                (address filed with court: Fia,     Po Box 982235,    El Paso, TX 79998)
23294697       +BMO Harris Bank N.A.,    111 W. Monroe Street,    Chicago, IL 60603-4095
23294692       +Bank Of America, N.A.,    401 N. Tryon Street,    NC1-021-02-20,    Charlotte, NC 28255-0001
23294691       +Bank of America, N.A.,    Attn: Correspondence Unit/CA6-919-02-41,    Po Box 5170,
                 Simi Valley, CA 93062-5170
23294693       +Baum Property Management,    PO Box 46,    Aurora, IL 60507-0046
23294696       +Best Buy Co., Inc,    Bureaus Investment Group,    PO Box 17298,    Baltimore, MD 21297-1298
23294701      ++CITIBANK,    PO BOX 790034,    ST LOUIS MO 63179-0034
                (address filed with court: Citibank, N.A.,     Attn: Centralized Bankruptcy,    Po Box 20363,
                 Kansas City, MO 64195)
23294730      ++CITIBANK,    PO BOX 790034,    ST LOUIS MO 63179-0034
                (address filed with court: The Home Depot,     Processing Center,    Des Moines, IA 50364)
23476528        Capital One, N.A.,    c o Becket and Lee LLP,    POB 3001,    Malvern, PA 19355-0701
23294699       +Capital One, N.A.,    1680 Capital One Drive,    Mc Lean, VA 22102-3407
23294700       +Chase,    ATTN: Bankruptcy Department,    P.O. Box 15298,    Wilmington, DE 19850-5298
23294702       +Citibank/The Home Depot,    Citicorp Credit Srvs/Centralized Bkty,    Po Box 790040,
                 Saint Louis, MO 63179-0040
23294703        Citicorp Credit Services,    ATTN: Internal Recovery; Centralized Bk,    P.O. Box 790034,
                 Saint Louis, MO 63179-0034
23294705       +Citizens Bank,    Attn: Bankruptcy,    443 Jefferson Boulevard MS RJW-135,
                 Warwick, RI 02886-1321
23294704       +Citizens Bank NA,    443 Jefferson Blvd RJW-135,    Warwick, RI 02886-1321
23294707       +Comenity Bank,    220 W. Schrock Road,    Westerville, OH 43081-2873
23294706       +Comenity Bank,    PO Box 182789,    Columbus, OH 43218-2789
23294708       +Comenity Bank/ Carsons,    3100 Easton Square Place,    Columbus, OH 43219-6232
23294709       +Concord Servicing Corp,    4150 N. Drinkwater Blvd., Suite 200,    Scottsdale, AZ 85251-3643
23294713        Equifax Information Services, LLC,    1550 Peachtree Street NW,    Atlanta, GA 30309
23294714       +Experian Information Solutions, Inc.,    475 Anton Boulevard,    Costa Mesa, CA 92626-7037
23294716       +FIA,    Client Services, Inc.,    3451 Harry S. Truman Boulevard,    Saint Charles, MO 63301-9816
23294717       +FIA Card Services, N.A.,    PO Box 15019,    Wilmington, DE 19886-5019
23294718       +JPMorgan Chase,    270 Park Avenue,    New York, NY 10017-2014
23294720       +Kane County,    719 S. Batavia Avenue,    Geneva, IL 60134-3000
23294719       +Kane County,    719 S. Batavia Avenue,    Building A,    Geneva, IL 60134-3077
23294721        Kane County Treasurer,    PO Box 4025,    Geneva, IL 60134-4025
23294723       +Marquette County,    77 West Park Street,    Montello, WI 53949-9366
23294726       +Ocwen Loan Servicing,    3451 Hammond Avenue,    Waterloo, IA 50702-5345
23294725       +Ocwen Loan Servicing,    P.O. Box 6440,    Carol Stream, IL 60197-6440
23349624       +Ocwen Loan Servicing, LLC, as servicer for,    c/o Codilis & Associates, P.C.,
                 15W030 N. Frontage Road,    Suite #100,    Burr Ridge, IL 60527-6921
23294727       +Ogle County,    105 S. 5th Street, Suite 202,    Oregon, IL 61061-1602
23294728       +Orchard Valley,    c/o Alpha Management,    PO Box 4482,    Aurora, IL 60507-4482
23294729       +Quinto del Golfo,    PO Box 150,    Scottsdale, AZ 85252-0106
23620274       +THE BANK OF NEW YORK MELLON, FKA THE BANK OF...,    Bank of America, NA,    PO Box 5170,
                 Simi Valley, CA 93062-5170
23294731        Trans Union LLC,    P.O. Box 2000,    Chester, PA 19016-2000
23294734      ++VON MAUR INC,    6565 BRADY STREET,    DAVENPORT IA 52806-2054
                (address filed with court: Von Maur,     6565 Brady,    Davenport, IA 52806)
23458932       +Wells Fargo Bank, N.A.,    Business Direct Division,    P.O. Box 29482,    MAC-S4101-08C,
                 Phoenix, AZ 85038-9482
23294735       +Wells Fargo Bank, N.A.,    420 Montgomery Street,    San Francisco, CA 94104-1298
23294736       +Wells Fargo Financial Bank,    4137 121st Street,    Urbandale, IA 50323-2310
23416044        Wells Fargo Financial National Bank,    Wells Fargo Bank, N.A.,    PO Box 10438,
                 Des Moines, IA 50306-0438
23294737       +Wffnb Dual L,    800 Walnut Street,    Des Moines, IA 50309-3605

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
23294695       +E-mail/Text: bkmailbayview@bayviewloanservicing.com Sep 23 2015 00:13:58
                 Bayview Financial Loan,    4425 Ponce De Leon Boulevard,    Miami, FL 33146-1873
23294694       +E-mail/Text: bkmailbayview@bayviewloanservicing.com Sep 23 2015 00:13:58
                 Bayview Financial Loan,    Bankruptcy Dept,    4425 Ponce De Leon Boulevard 5th Fl,
                 Miami, FL 33146-1873
23294698       +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Sep 23 2015 00:20:51     Capital One, N.A. *,
                 c/o American Infosource,    P.O Box 54529,    Oklahoma City, OK 73154-1529
23294711        E-mail/PDF: mrdiscen@discover.com Sep 23 2015 11:30:00     Discover Financial Services,
                 2500 Lake Cook Road,    Deerfield, IL 60015
23294712        E-mail/PDF: mrdiscen@discover.com Sep 23 2015 11:30:00     Discover Financial Services LLC,
                 Po Box15316,    Wilmington, DE 19850
```

```
District/off: 0752-1           User: pseamann              Page 2 of 2                  Date Rcvd: Sep 22, 2015
                               Form ID: pdf003             Total Noticed: 56
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center (continued)

```
23310857         E-mail/PDF: mrdiscen@discover.com Sep 23 2015 11:30:00      Discover Bank,
                 Discover Products Inc,    PO Box 3025,   New Albany, OH  43054-3025
23294722        +E-mail/Text: bnckohlsnotices@becket-lee.com Sep 23 2015 00:13:32      Kohls,
                 N56 W 17000 Ridgewood Drive,   Menomonee Falls, WI 53051-7096
23294724        +Fax: 407-737-5634 Sep 23 2015 01:14:43      Ocwen Loan Servicing,
                 1661 Worthington Rd Suite 100,    West Palm Beach, FL 33409-6493
23528190         E-mail/Text: bnc-quantum@quantum3group.com Sep 23 2015 00:13:38
                 Quantum3 Group LLC as agent for,    Comenity Bank,   PO Box 788,    Kirkland, WA  98083-0788
                                                                                                TOTAL: 9

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
23601492*        American Express Bank, FSB,    c o Becket and Lee LLP,    POB 3001,   Malvern, PA 19355-0701
23294710*       +Concord Servicing Corporation,    4150 N. Drinkwater Blvd., Suite 200,
                 Scottsdale, AZ 85251-3643
23294732*      ++VON MAUR INC,   6565 BRADY STREET,    DAVENPORT IA 52806-2054
                 (address filed with court: Von Maur,    Attn: Credit Dept,    6565 Brady Street,
                 Davenport, IA 52806)
23294733*      ++VON MAUR INC,   6565 BRADY STREET,    DAVENPORT IA 52806-2054
                 (address filed with court: Von Maur,    PO Box 790298,    Saint Louis, MO 63179)
                                                                                       TOTALS: 0, * 4, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 24, 2015                                                Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 22, 2015 at the address(es) listed below:

```
          Charles L. Magerski    on behalf of Debtor Teresa Jo Jacobsen Cmagerski@sulaimanlaw.com,
           courtinfo@sulaimanlaw.com;bkycourtinfo@gmail.com;ECFNotice@sulaimanlaw.com;mbadwan@sulaimanlaw.co
           m;sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexpress.info
          Glenn B Stearns    mcguckin_m@lisle13.com
          Nathan C Volheim    on behalf of Debtor Teresa Jo Jacobsen courtinfo@sulaimanlaw.com,
           nvolheim@sulaimanlaw.com;mbadwan@sulaimanlaw.com;bkycourtinfo@gmail.com;ECFNotice@sulaimanlaw.com
           ;sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexpress.info
          Nisha B Parikh    on behalf of Creditor    THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK
           AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST
           2004-27CB, MORTGAGE PASS nparikh@fal-illinois.com,   bankruptcy@fal-illinois.com
          Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
          Peter C Bastianen    on behalf of Creditor    Ocwen Loan Servicing, LLC, as servicer for Deutsche
           Bank National Trust Company as Trustee for Residential Asset Securitization Trust 2007-A6
           Mortgage Pass-Through Certificates Series 2007-F ND-Four@il.cslegal.com
          Steven C Lindberg    on behalf of Creditor    THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW
           YORK AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN
           TRUST 2004-27CB, MORTGAGE PASS bankruptcy@fallaw.com
          Terri M Long    on behalf of Creditor    Wells Fargo Financial National Bank tmlong@tmlong.com,
           Courts@tmlong.com
                                                                                             TOTAL: 8
```